Eugene P. Ramirez (State Bar No. 134865)
   *epr@manningllp.com*
Jeffrey W. Korn (State Bar No. 150978)
   *jwk@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF RIVERSIDE, CITY OF TEMECULA, and DEPUTY MATTHEW CRAMER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAN QIANG GUAN,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, CITY OF TEMECULA; MATTHEW CRAMER; DOE DEPUTIES 1-5, DOE OFFICERS 6-10, inclusive,<br><br>    Defendants. | Case No. 5:18-CV-02530-DDP-PJWx<br><br>*[The Honorable Dean D. Pregerson<br>Magistrate Judge Patrick J. Walsh]*<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**<br><br>Complaint Filed: November 26, 2018<br>Trial Date: March 10, 2020 |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants COUNTY OF RIVERSIDE, CITY OF TEMECULA, and Deputy MATTHEW CRAMER (herein after "Defendants") answer the First Amended Complaint of Plaintiff Han Qiang Guan ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

///

///

**PARTIES**

1. Answering Paragraph 1, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

2. Answering Paragraph 2, Defendants admit that Defendant County of Riverside is a political subdivision of the State of California. As to the remaining allegations of this paragraph, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every remaining allegation contained therein.

3. Answering Paragraph 3, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

4. Answering Paragraph 4, this paragraph consists of a non-factual legal contention as to which no response is required.

5. Answering Paragraph 5, Defendants admit the City of Temecula is a municipal entity that exists under the laws of the State of California, and deny each and every remaining allegation contained therein. On June 14, 2019, the parties entered into a stipulation for dismissal with prejudice of the City of Temecula.

6. Answering Paragraph 6, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

7. Answering Paragraph 7, this paragraph consists of a non-factual legal contention as to which no response is required.

8. Answering Paragraph 8, Defendants admit Deputy Matthew Cramer is an employee of the County of Riverside. Defendants deny Deputy Matthew Cramer was an employee of the City of Temecula. On June 14, 2019, the parties entered into a stipulation for dismissal with prejudice of the City of Temecula.

1    9.    Answering Paragraph 9, Defendants deny each and every allegation contained therein.

2    10.    Answering Paragraph 10, Defendants admit timely claims for damages were submitted and deny each and every remaining allegation contained therein.

3    11.    Answering Paragraph 10, Defendants admit the allegations contained therein.

## JURISDICTION AND VENUE

12.    Answering Paragraph 12, Defendants admit the Court has jurisdiction.

13.    Answering Paragraph 13, Defendants admit the Court has venue.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.    Answering Paragraph 14, Defendants re-allege and incorporate by reference their answers to paragraphs 1-13 as if fully set out.

15.    Answering Paragraph 15, Defendants admit that on January 31, 2018, a valid and legal search warrant was executed at a residence in Temecula, California and deny each and every remaining allegation contained therein.

16.    Answering Paragraph 16, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

17.    Answering Paragraph 17, Defendants admit Plaintiff ran out of the residence while the lawful search warrant was being executed and deny each and every remaining allegation contained therein.

18.    Answering Paragraph 18, Defendants admit that while the lawful search warrant was being executed, Plaintiff jumped a fence into the neighbor's yard and sustained an injury to his leg, and deny each and every remaining allegation contained therein.

19.    Answering Paragraph 19, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

20. Answering Paragraph 20, Defendants admit that law enforcement personnel entered the neighbor's backyard after the Plaintiff entered the backyard, and deny each and every remaining allegation contained therein.

21. Answering Paragraph 21, Defendants deny each and every allegation contained therein.

22. Answering Paragraph 22, Defendants deny each and every allegation contained therein.

23. Answering Paragraph 23, Defendants deny each and every allegation contained therein.

24. Answering Paragraph 24, Defendants admit Plaintiff was transported to the hospital and received medical treatment and deny each and every remaining allegation contained therein.

## FIRST CLAIM

### Fourth Amendment – Excessive Force (42 U.S.C. Section 1983)

25. Answering Paragraph 25, Defendants re-allege and incorporate by reference their answers to paragraphs 1-24 as if fully set out.

26. Answering Paragraph 26, Defendants deny each and every allegation contained therein.

27. Answering Paragraph 27, Defendants deny each and every allegation contained therein.

28. Answering Paragraph 28, Defendants admit Plaintiff sustained an injury and deny each and every remaining allegation contained therein.

29. Answering Paragraph 29, Defendants deny each and every allegation contained therein.

30. Answering Paragraph 30, this paragraph consists of a non-factual legal contention as to which no response is required.

///
///

## SECOND CLAIM

### Battery (California Law)

(Against Defendants Matthew Cramer and the County of Riverside)

31. Answering Paragraph 31, Defendants re-allege and incorporate by reference their answers to paragraphs 1-30 as if fully set out.

32. Answering Paragraph 32, Defendants deny each and every allegation contained therein.

33. Answering Paragraph 33, Defendants deny each and every allegation contained therein.

34. Answering Paragraph 34, Defendants admit Plaintiff sustained an injury and deny each and every remaining allegation contained therein.

35. Answering Paragraph 35, Defendants deny each and every allegation contained therein.

36. Answering Paragraph 36, Defendants deny each and every allegation contained therein.

37. Answering Paragraph 37, this paragraph consists of a non-factual legal contention as to which no response is required.

## THIRD CLAIM

### Negligence (California Law)

(Against Defendants Matthew Cramer and the County of Riverside)

38. Answering Paragraph 38, Defendants re-allege and incorporate by reference their answers to paragraphs 1-37 as if fully set out.

39. Answering Paragraph 39, Defendants admit that Deputy Defendants had a duty to exercise reasonable care in the performance of their duties and deny each and every remaining allegation contained therein.

40. Answering Paragraph 40, Defendants deny each and every allegation contained therein.

///

41. Answering Paragraph 41, Defendants deny each and every allegation contained therein.

42. Answering Paragraph 42, Defendants deny each and every allegation contained therein. On June 14, 2019, the parties entered into a stipulation for dismissal with prejudice of the City of Temecula.

43. Answering Paragraph 43, this paragraph consists of a non-factual legal contention as to which no response is required.

## FIFTH CLAIM

### Violation of Bane Act (Cal. Civil Code Section 52.1)

(Against Defendants Matthew Cramer and the County of Riverside)

44. Answering Paragraph 49, Defendants re-allege and incorporate by reference their answers to paragraphs 1-43 as if fully set out.

45. Answering Paragraph 45, this paragraph consists of a non-factual legal contention as to which no response is required.

46. Answering Paragraph 46, Defendants deny each and every allegation contained therein.

47. Answering Paragraph 47, Defendants deny each and every allegation contained therein.

48. Answering Paragraph 48, Defendants deny each and every allegation contained therein.

49. Answering Paragraph 49, Defendants deny each and every allegation contained therein.

50. Answering Paragraph 50, Defendants deny each and every allegation contained therein.

51. Answering Paragraph 51, this paragraph consists of a non-factual legal contention as to which no response is required.

## PRAYER FOR RELIEF

In answer to Plaintiff's prayer for relief at page 9 of the First Amended Complaint, Defendants deny all liability for any kind of damage, and deny liability to Plaintiff for any fees, costs or any relief of any kind.

## AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

52. As a separate and first affirmative defense to the First Amended Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint and each cause fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Provide Timely and Sufficient Notice of Claim to Entity)

53. As a separate and second affirmative defense to the First Amended Complaint and each purported state law cause of action contained therein, Defendants allege that Plaintiff's claims are barred because Plaintiff failed to timely provide a sufficient statement of his claims and each claim to the governmental entity in accord with Government Code Section 910 et seq., and therefore failed to comply with the California Tort Claims Act.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

54. As a separate and third affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the First Amended Complaint are barred by such statutes of limitation as may be applicable, including, but not limited

to, California Code of Civil Procedure Sections 335, 335.1, 336, 337, 338, 339, 340, 340.5, 340.9, 343, 344 and 474.

## FOURTH AFFIRMATIVE DEFENSE
### (Immune from Liability - Government Code Sections 815.2 and 820.2)

55. As a separate and fourth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Defendant is immune from liability on all causes of action pursuant to California Government Code Sections 815.2 and 820.2.

## FIFTH AFFIRMATIVE DEFENSE
### (Immune from Liability - Government Code Section 820.8)

56. As a separate and fifth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendant alleges that Defendant is immune from liability on all causes of action pursuant to California Government Code Section 820.8, and 820 *et seq*.

## SIXTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

57. As a separate and sixth affirmative defense to the First Amended Complaint the Defendants are immune from liability under the doctrine of qualified immunity because their actions did not violate clearly established statutory or Constitutional rights.

## SEVENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

58. As a separate and seventh affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the First Amended Complaint by the Plaintiff, and Plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiff's behalf. By reason thereof,

Plaintiff is not entitled to damages or any other relief whatsoever as against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (Apportionment of Fault)

59. As a separate and eighth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of parties other than the Defendant, whether or not parties to this action. By reason thereof, Plaintiff's damages, if any, as against the Defendants, must be reduced by the proportion of fault attributable to such other parties, and to the extent that this is necessary, Defendants may be entitled to partial indemnity from others on a comparative fault basis.

## NINTH AFFIRMATIVE DEFENSE
### (Intervening and Superseding Cause)

60. As a separate and ninth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was legally caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage or injury of which Plaintiff complains.

## TENTH AFFIRMATIVE DEFENSE
### (Compliance with the Law)

61. As a separate and tenth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that the actions taken by Defendants were in full compliance with the law.

///
///

## ELEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred)

62. As a separate and eleventh affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's alleged claims for punitive damages are barred because Defendants are governmental entities and such damages are barred by the provisions of California Civil Code Sections 3294 and 3295.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

63. As a separate and twelfth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's claims, if any, are barred for his failure, and/or the failure of the persons and/or entities acting on his behalf, to mitigate any purported damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

64. As a separate and thirteenth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that at the time and place referred to in the First Amended Complaint, and before such event, plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

## FOURTEENTH AFFIRMATIVE DEFENSE

65. Defendants contend that they cannot fully anticipate all affirmative defenses that may be applicable to this action based on the conclusory terms used in Plaintiff's First Amended Complaint. Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Defendants pray for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3. That Defendants be awarded its costs incurred in defending this action, including attorney fees;

4. That Defendants be granted such other and further relief as the Court may deem just and proper.

DATED: June 17, 2019

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:   */s/ Andrea Kornblau*
Angela M. Powell
Andrea K. Kornblau
Attorneys for Defendants, COUNTY OF RIVERSIDE, CITY OF TEMECULA, and DEPUTY MATTHEW CRAMER

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

# DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury.

DATED: June 17, 2019

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Andrea Kornblau*
 Angela M. Powell
 Andrea K. Kornblau
Attorneys for Defendants, COUNTY OF RIVERSIDE, CITY OF TEMECULA, and DEPUTY MATTHEW CRAMER